**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52541**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>ALFRED JOHN MARTIN,<br><br>      Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Filed: December 16, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction and suspended, unified sentence of four years, with a minimum period of confinement of two years, for felony eluding a police officer, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Alfred John Martin pled guilty to felony eluding a police officer. I.C. § 49-1404(2). The district court sentenced Martin to a unified term of four years, with a minimum period of confinement of two years. The district court suspended the sentence and placed Martin on probation. Martin appeals, arguing that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-

15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Although Martin received the sentence the State recommended and he agreed with, he asserts that the district court erred in imposing an excessive sentence. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Martin received the sentence he requested, he may not complain that the district court abused its discretion. Accordingly, Martin's judgment of conviction and sentence are affirmed.